**SHAFFER, Appellee,**

v.

**SHAFFER, Appellant.**

[Cite as *Shaffer v. Shaffer* (1996), 109 Ohio App.3d 205.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3-95-14.

Decided Feb. 9, 1996.

208

*Cole, Brown & Fesmier* and *Raymond G. Fesmier*, for appellee.

*Steven J. Erlsten*, for appellant.

---

Evans, Judge.

This is an appeal by Michael Shaffer ("appellant") from the judgment of the Court of Common Pleas of Crawford County, Division of Domestic Relations, granting a divorce between appellant and the plaintiff-appellee, Karen Shaffer ("appellee"), and dividing the parties' property.

Appellant and appellee were married on June 14, 1969 and during their twenty-five-year marriage they had four children. On March 31, 1993, appellee filed a complaint for divorce and appellant filed an answer and counterclaim. Temporary orders were established and the case was heard before a domestic relations referee on July 6, 1994. The referee filed his report and recommendations a month later, and both parties filed objections. Based on the objections of appellee, the trial court referred the matter back to the referee for further hearings concerning the property distribution. A second hearing was held on February 14, 1995 and a second report was filed by the referee on March 29, 1995. Neither party filed objections to this report and on April 18, 1995, the trial court issued its judgment order. Due to a procedural error, that order was later vacated and refiled on June 1, 1995.

Appellant now appeals from the judgment of the trial court asserting nine assignments of error.

## Assignment of Error No. 1

"The trial court abused its discretion by retaining continuing jurisdiction to make future support orders in regard to an adult child that was a high school graduate, employed full-time, not living with either parent, and was neither mentally retarded nor severely handicapped."

Initially it should be noted that appellant did not request separate findings of fact and conclusions of law from the judgment entry decree of divorce. Therefore, this court must assume "the regularity of the trial court's methodology" when reviewing the record and discussing appellant's assignments of error. *Zacek v. Zacek* (1983), 11 Ohio App.3d 91, 95, 11 OBR 143, 148, 463 N.E.2d 391, 397. Furthermore, in each of appellant's assignments of error, he alleges an abuse of discretion by the trial court. We are mindful in our review of the trial court's actions that the trial court has broad, but not unlimited discretion, when deciding what is equitable under the facts of each case. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355, 20 O.O.3d 318, 322, 421 N.E.2d 1293, 1298. "The term

'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172, 404 N.E.2d 144, 148. Therefore, after considering the totality of the circumstances, unless we find that the trial court abused its discretion, we are bound to uphold the decision rendered at the trial level. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597, 599.

The first issue presented by appellant for review is whether the trial court abused its discretion by retaining jurisdiction to make future support orders for an adult child of the marriage. The subject of this assignment of error is Christopher Shaffer, the parties' dyslexic son, who was nineteen years old at the time of the final divorce decree. The trial court's judgment entry did not order appellant to pay support for Christopher; however, the court retained jurisdiction over the issue of support. Appellant claims this was an abuse of discretion by the trial court.

The Supreme Court of Ohio has held that there exists a common-law duty imposed on parents to support their adult children who cannot support themselves because of mental or physical disabilities that existed during the child's minority. *Castle v. Castle* (1984), 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803, paragraph one of the syllabus. In the instant case, appellant was not burdened or prejudiced by the court's order since an order of support was not imposed. However, the evidence presented in this case revealed that while Christopher worked and lived outside the family home, he suffers from dyslexia which has severely limited his reading ability. This condition was diagnosed when Christopher was a minor. Given these facts, we do not find that the trial court acted arbitrarily or abused its discretion by retaining jurisdiction to order future support for Christopher. If a claim for support for Christopher is ever pursued, appellant will then have the opportunity to resist that claim on the facts as they exist at that time. We overrule appellant's first assignment of error.

### Assignment of Error No. 2

"The trial court abused its discretion in awarding the wife spousal support of $1,200.00 per month when she was capable of full-time employment as a registered nurse and full-time earnings should have been imputed to her, and the husband had lost his $100,000.00 per year C.E.O. job."

According to R.C. 3105.18(B), a court may award reasonable spousal support, "as the court considers equitable," to a requesting party. Among many factors a court must consider when determining whether the amount of spousal support is appropriate and reasonable are the income of the parties, the relative

earning abilities of the parties, and the extent to which it would be inappropriate for a party, because of being custodian of a minor child of the marriage, to seek employment outside the home. See R.C. 3105.18(C)(1)(a), (b), and (f). The referee's report in this case noted that appellee was a registered nurse who worked part-time, earning approximately $20,000 a year while appellant, a hospital executive, earned approximately $100,000 a year. While a full-time nursing position could provide appellee, the recommended custodial parent, with additional income, the referee found appellee's $20,000 a year income to be her maximum earning capacity since she had two young girls, ages five and ten, to care for, one of which suffered from dyslexia and required considerable parental tutoring. Given these facts, we cannot conclude that the trial court abused its discretion when it did not impute full time earnings to appellee when determining the proper award of spousal support. We overrule appellant's second assignment of error.

## Assignment of Error No. 3

"The trial court abused its discretion in awarding the wife $1,200.00 per month spousal support when her claim was based upon continuing to live in the marital residence with the minor children, for which she submitted evidence regarding her claimed costs and expenses, but then changed her mind after trial and the court then ordered a change in the property division without reconsidering costs and expenses and further failing to indicate it gave the Defendant's objections any consideration."

Trial courts in domestic relations cases have broad discretion when determining the equitable settlement of marital property. *Berish v. Berish* (1982), 69 Ohio St.2d 318, 319, 23 O.O.3d 296, 297, 432 N.E.2d 183, 184. The decision of the trial court dividing marital property will not be overturned absent a showing of an abuse of discretion. *Id.* After the original hearing on the divorce action in this case, the referee recommended that the marital residence be awarded to appellee and an individual retirement account ("IRA") to appellant. However, appellee later felt that she would be financially incapable of maintaining the marital residence and filed objections to the referee's report, asking instead that the home be sold with the proceeds split equally between the parties and that appellant's IRA also be split equally. Based on the objections lodged by appellee, the trial judge sent the parties back to the referee for another hearing. Following this hearing, the referee recommended that the trial court follow his original report, or in the alternative, allow for the sale of the marital home, splitting the proceeds equally between the parties and dividing appellant's IRA equally using a qualified domestic relations order ("QDRO"). This alternative

recommendation did not include an alteration of appellee's original recommended spousal support award.

During both hearings, the referee had before him evidence of both the parties' assets and liabilities as well as evidence of expenses to aid in the calculation of spousal support. The referee engaged in discourse with the attorneys concerning the change in property distribution and its effect on the rest on the referee's recommendations. However, the failure to adjust spousal support after changing the property distribution does not amount to an abuse of discretion. Moreover, we note that the court retained jurisdiction over further modifications of spousal support. In fact, the record reveals that a subsequent hearing to modify child support and spousal support has occurred, based on the changed circumstances of both parties, which resulted in appellant's support obligations being lowered.

 Appellant also claims that the trial court failed to consider his objections to the original referee's report. However cursorily, the trial judge did refer to appellant's objections in his journal entry decree of divorce. While the trial court never expressly addressed the objections filed by appellant to the referee's report, it is presumed that the trial court, *sub silentio*, overruled the objections when it proceeded to enter judgment disposing of the objections. "Where the court fails to rule on an objection or motion, it will be presumed that the court overruled the objection or motion." *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858. See, also, *Hayes v. Smith* (1900), 62 Ohio St. 161, 56 N.E. 879. Given these facts, we overrule appellant's third assignment of error.

### Assignment of Error No. 4

"The trial court abused its discretion in awarding the wife $1,200.00 per month spousal support which was excessive under the circumstances and provided for no specific limitation or cut off time."

 In the preceding discussions we have concluded that the trial court did not abuse its discretion in awarding appellee $1,200 per month in spousal support. Appellant now alleges an abuse of discretion by the trial court in failing to provide a time limitation for spousal support. We note that appellant failed to raise this issue at the trial court level by objecting to the referee's report. The relevant portion of this report, later adopted verbatim by the trial judge, stated that appellant should pay spousal support until appellee "remarries, dies or cohabitates with a male, with cohabitation to be defined by law, or until the Defendant dies."

The case of *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus, has held that "except in cases involving a marriage

of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home," where a spouse has the ability to become self supporting, awards of sustenance alimony should be terminable within a reasonable time and at a fixed date. Given the evidence in this case, we cannot say that the trial court erred in not placing a time limit on appellee's spousal support. The marriage in this case lasted approximately twenty-five years, clearly qualifying as a marriage of long duration. Furthermore, while appellee currently works as a registered nurse, her maximum earning capacity has been determined to be a salary of a part-time employee because of the time and attention needed to properly take care of and tutor her dyslexic child. In addition, while appellee was forty-four years old at the time of the final divorce decree, she will be in her fifties by the time her minor children become emancipated. It is unclear what effect this will have on appellee's full-time employment opportunities. Moreover, we note that the trial court in this case retained jurisdiction over the subject of spousal support modification and has, indeed, already lowered appellant's spousal support obligation. Given the evidence above and the fact that the court retained jurisdiction to modify spousal support, we do not find an abuse of discretion by the trial court. Appellant's fourth assignment of error is overruled.

### Assignment of Error No. 5

"The trial court abused its discretion when it failed to charge an $8,033.00 debt against the wife or to credit the husband when the debt was for a 1991 Ford Bronco which the wife traded in during the pendency of the case and received a trade-in value of $12,500.00 towards a new car purchased for $24,552.10."

A review of the record reveals that the referee had evidence and testimony before him to support his recommendations concerning the division of property and debt later journalized by the trial judge in his entry. In that entry, appellant is charged with the payment of a debt for a Ford Bronco used by appellee. Appellant now claims that the final distribution of debt was inequitable, particularly since the Bronco debt was not paid or credited to his account after appellee traded in the Bronco toward the purchase of a new vehicle. We do not agree. When determining property distributions upon divorce, trial courts are guided by the principles of equitable distribution. R.C. 3105.171(B). The division of property does not necessarily need to be equal to be equitable. The Supreme Court of Ohio has stated in *Cherry*, 66 Ohio St.2d at 355, 20 O.O.3d at 322, 421 N.E.2d at 1298:

"Both R.C. 3105.18, which provides that the trial court may divide property as it deems equitable, and past case law require that the trial court have broad discretion in arriving at an equitable property division. Each divorce case is

different, and the trial court must be free to consider all the relevant factors. Equitable need not mean equal."

Given the distribution of the other assets and liabilities in this case, the duration of the marriage, and the other factors looked at by the trial court in accordance with R.C. 3105.171(F), we cannot find that the distribution of the debt to appellant in this case was so inequitable as to constitute an abuse of discretion by the trial court. Therefore, we overrule appellant's fifth assignment of error.

### Assignment of Error No. 6

"The trial court abused its discretion in ordering the husband to pay the wife $1,000.00 for attorney fees when there was a lack of evidence in regard thereto."

R.C. 3105.18(H) allows a trial court to award reasonable attorney fees in a divorce or legal separation proceeding, if the court determines that the other party has the ability to pay the fees awarded by the court. However, the burden rests on the party seeking attorney fees to demonstrate the reasonableness of those fees. *Cohen v. Cohen* (1983), 8 Ohio App.3d 109, 110, 8 OBR 143, 144, 456 N.E.2d 581, 582, citing *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 2 O.O.3d 65, 355 N.E.2d 894. In *Ward v. Ward* (June 18, 1985), Franklin App. No. 85AP-61, unreported, 1985 WL 10335, the court recognized that "[t]he trial court is able to evaluate, in a large measure, the work performed by an attorney in a domestic relations case by merely looking at the record before the court." Furthermore, the *Ward* court held that a trial court in such circumstances can use its own knowledge and experience in determining the necessity and reasonableness of attorneys fees.

In the present case, appellee presented evidence to the referee that her attorney fees exceeded $4,000 at the time of the first hearing. The trial court awarded appellee only $1,000, which, the record demonstrates, appellant could afford to pay. Therefore, given the evidence regarding attorney expenses presented in this case and recognizing the experience of the trial court in judging the reasonableness of attorneys fees in light of the record before it, the modest amount of $1,000 awarded in this case cannot be found an abuse of discretion. We overrule appellant's sixth assignment of error.

### Assignment of Error No. 7

"The trial court abused its discretion when it failed to follow its own rule in regard to medical expenses and further failed to award the husband the income tax exemptions for the parties' minor children."

In appellant's seventh assignment of error, he first alleges that the trial court erred when it failed to properly impute income to appellee when figuring

her share of the children's medical expenses. As a result, appellant claims that the percentage of extraordinary uninsured medical expenses he was ordered to pay was altered. Specifically, appellant argues that the court erred in ordering appellee to pay the first $100 of extraordinary medical expenses per year per child rather than the first $150, pursuant to its own rule. As we have previously addressed and overruled appellant's argument concerning the failure of the trial court to impute income to appellee, we find that this argument in regard to medical expenses is without merit. We also conclude that appellant's argument in reference to the amount paid by appellee for extraordinary medical expenses baseless.

R.C. 3109.05 requires that courts include in the child support order that one or both parents provide for the health care needs of their children. Among other health care provisions included in the divorce decree, the trial court in this case ordered appellee to pay the first $100 per year per child for uninsured extraordinary medical, dental, optical or psychological expenses, including copayments and deductibles under a health care insurance policy, with the balance to be paid twenty percent by appellee and eighty percent by appellant. According to the Crawford C.P.Loc.R. 26(1), extraordinary health care expenses are defined as "all necessary medical, dental, orthodontic, optical, hospital, and prescribed drug expenses *in excess* of $150.00 per year per child." (Emphasis added.) Loc.R. 26(4) goes on to state that uninsured extraordinary expenses are to be paid "by the respective parties in accordance with their respective percentages of the family income" to the closest ten percent, as calculated on the Child Support Guideline Worksheets. The child support worksheet completed by the referee assigned eighty-four percent and sixteen percent of the family income to the appellant and appellee, respectively. While the trial court in this case did not strictly follow its own local rule, the deviation taken by the court actually benefited appellant. Strictly followed, Loc.R. 26(4) would demand that appellant pay eighty percent of all uninsured extraordinary medical, dental, etc., including $80 of the first $100 now ordered to be paid by appellee. We presume that appellant's reference to the $150 amount is based on his misapprehension of Loc.R. 26(2). While Loc.R. 26(2) states that the residential parent shall pay ordinary health care expenses not exceeding $150 per year per child, appellant's reliance on this section is misplaced, since the provision of his divorce decree at issue deals with extraordinary uninsured medical expenses and not ordinary health care expenses. Therefore, we do not find that the court abused its discretion, as appellant alleges, in charging appellee with the cost of the first $100 of extraordinary uninsured medical expenses rather than the first $150.

Appellant's second claim alleges that the trial court abused its discretion in failing to award him the income tax exemptions for the parties' minor children.

The controlling federal law in this area is Section 152(e), Title 26, U.S.Code, which provides:

"(1) Custodial parent gets exemption. Except as otherwise provided in this subsection, if—

"(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—

"(i) who are divorced or legally separated under a decree of divorce or separate maintenance

"(ii) who are separated under a written separation agreement, or

"(iii) who live apart at all times during the last 6 months of the calendar year, and

"(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter referred to as the 'custodial parent').

"(2) Exception where custodial parent releases claim to exemption for the year."

Section 152(e) creates a presumption that the income tax dependency exemption goes to the custodial parent. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 411, 588 N.E.2d 806, 809. In the instant case, the record reflects that appellee filed her 1993 income taxes and claimed the couple's children as her dependents. The final divorce decree does not expressly state which parent is granted the dependency exemption. Furthermore, appellant did not object to the referee's report on this issue. Given appellant's waiver on this matter and the absence of any evidence in the record of the court's consideration of the tax issue, we must overrule appellant's seventh assignment of error. Presuming the regularity of the court's methodology, we cannot conclude that the trial court erred by failing to award appellant the dependency exemptions.

Assignment of Error No. 8

"The trial court abused its discretion when, after trial and original findings on the evidence, it changed the property division of the parties without consideration of all other factors involved."

The property division referred to by appellant was first recommended by the referee in his second report to the trial court. We note that appellant did not file objections to this report, nor did appellant request that the trial court issue written finding of fact and conclusion of law in this case. Assuming the

regularity of the proceedings then, we conclude that appellant has waived his right to challenge the factual findings of the court concerning the property division by failing to object to the referee's report recommending the property division changes. Civ.R. 53(E)(6).[1] As a result, we overrule appellant's eighth assignment of error.

### Assignment of Error No. 9

"The trial court abused its discretion by issuing a Divorce Decree that was sexually discriminatory against the husband and deprived him of uniform operation and equal protection under the law."

In his ninth assignment of error, appellant claims that through its divorce decree the trial court discriminated against him, depriving him of equal application of the law. This assignment of error is utterly without merit. Appellant offers no evidence, nor does the record reflect any misconduct by the court, to substantiate appellant's claim. Therefore, we overrule appellant's ninth assignment of error.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.

---

1. Civ.R. 53 has been amended since this case was filed and section (E)(6) has been redrafted, appearing in similar form as (E)(3)(b) in the current Civil Rules.