[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Richard C. Boes (Richard), appeals from a judgment of the Seneca County Court of Common Pleas, Domestic Relations Division, modifying and adopting as modified the magistrate's decision which granted Patricia E. Boes (Patricia) a divorce on grounds of incompatibility.
Richard and Patricia were married on April 18, 1970. On September 28, 1995, Patricia filed a complaint for divorce and requested various temporary restraining orders which were granted. After hearing, the magistrate granted Patricia's petition for divorce on January 24, 1997. Richard objected to the magistrate's decision, Patricia did not. On October 10, 1997, the trial court ordered that the decision of the magistrate be approved. Final judgment, however, was not entered until January 9, 1998. In the court's final judgment entry adopting the decision of the magistrate, the court also awarded to Patricia "legal interest at the rate of 10% per annum from January 24, 1997" on two lump sums awarded to her.
Patricia was designated the residential parent of the parties' remaining minor child, Catherine. It was decreed that the marital residence remain in the joint ownership of the parties, subject to Patricia's exclusive use of the marital residence until Catherine is emancipated, whereupon the property is to be sold and the proceeds from the sale of the property divided between Richard and Patricia. Richard was ordered to pay one-half of the mortgage and one-half of all household maintenance expenses over $100. Richard was also ordered to pay $190 per week for support of the minor child and $300 per week in spousal support to Patricia for her lifetime or until she remarries. Further, $30,000 of $72,000 in non-retirement assets were awarded to Patricia. Finally, Richard was ordered to pay Patricia's attorney's fees of $4,500.
Richard raises seven assignments of error, all of which claim the trial court abused its discretion in some manner by improperly dividing property, awarding spousal support and attorney's fees.
 I.
In his first assignment, Richard claims,
 The trial court erred, abused it discretion, and/or its decision was against the manifest weight of the evidence when it failed to credit to Appellee's side of the ledger amounts of money Appellee retained and included income related funds in making a division of assets resuling (sic) in a $3,500 windfall to Appellee.
 Richard argues the trial court erred when it failed to $5,000 — $7,000 in cash to Patricia when calculating non-retirement assets.
 In reviewing the equity of a division of property, one of the basic guidelines an appellate court is bound to follow is that the trial court's judgment cannot be disturbed on appeal absent a showing that the common pleas court abused its discretion in formulating its division of the marital assets and liabilities of the parties.
 Martin v. Martin (1985), 18 Ohio St.3d 292, 294-95,480 N.E.2d 1112, 1114.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142. Further, where, as here, an appellant does not request that the trial court make separate findings of fact or conclusions of law, a reviewing "court must assume `the regularity of the trial court's methodology' when reviewing the record and discussing appellant's assignments of error." Shaffer v. Shaffer (1996),109 Ohio App.3d 205, 209, 671 N.E.2d 1317, 1320 (citation omitted).
Richard testified at hearing that in June of 1995 he gave Patricia $5,000 from a 1995 bonus check issued to him by his employer. On cross examination, however, Richard admitted that only a few days prior to Patricia's filing for divorce in September of 1995, when he was arrested for Domestic Violence, he possessed a bonus check dated in June of 1995 plus two other checks and cash, totaling in all approximately $18,000. Richard stated that he did not cash the checks until November of 1995 and admitted he used the money to make temporary support payments and to purchase a car for the parties' adult son.
The magistrate and trial court found Richard's testimony as to the origin and disposition of these monies not credible. Based on this record, we determine the court did not abuse its discretion when it declined to charge Patricia with an additional $5,000 in non-retirement marital assets.
Richard also claims the court did not attribute to Patricia an additional $2,000-$2,500 from her bank accounts when calculating the parties' marital assets. As noted, Richard did not request separate findings of fact. Therefore, it is not clear whether the trial court failed to account for these assets. Presuming regularity in the trial court's methodology, we will not disturb the court's asset computation here without clear evidence of an abuse of discretion. Further, in light of Richard's dissipation of some $18,000 in marital assets, even if the trial court did deny Richard a share of Patricia's modest bank account assets, such decision would have been well within its discretion when equitably dividing property. Shaffer,109 Ohio App.3d at 213, 671 N.E.2d at 1322; see also, Cherry v. Cherry (1981),66 Ohio St.2d 348, 421 N.E.2d 1293. Richard's first assignment of error is overruled.
 II.
In Richard's second assignment he claims,
 The trial court erred, abused it discretion, and/or its decision was against the manifest weight of the evidence when it failed to consider, in making a division of assets and indebtednesses (sic), the obligation on the children's education loans incurred by agreement of the parties totalling $58,000.00.
Here, Richard argues that the trial court erred when it failed to recognize college loan obligations assumed by both parents when calculating marital assets and liabilities. The evidence introduced at hearing, however, did not indicate any express liability for either parent on the college debt claimed. Patricia testified that neither parent was liable on the notes. Accordingly, the trial court did not abuse its discretion when finding that the college loan debt of the parties' adult children was not a liability of the marriage for purposes of dividing marital assets and liabilities. Richard's second assignment of error is overruled.
 III.
In his third assignment, Richard claims,
 The trial court erred, abused it discretion, and/or its decision was against the manifest weight of the evidence when it failed to consider the tax liability and payment from and the Temporary Order payments made from Appellant's income funds and double counted funds when the Court divided the assets and indebtednesses (sic) of the parties.
Here, Richard claims the trial court erred by attributing to him an additional $18,000 in assets more than his declared assets, when calculating the marital assets of the parties. These funds, as mentioned above, were the cash and checks Richard had on his person when arrested for Domestic Violence in September of 1995. Again, as the trial court found Richard's explanation of the acquisition and disposition of these funds not credible, we may not enter a contrary determination on the subject. Further, in light of Richard's admission that he used these funds to fulfill his temporary support obligations and he otherwise dissipated these assets, the court was well within its discretion to divide these funds as additional marital assets. Richard's third assignment of error is overruled
 IV.
In Richard's fourth assignment he claims,
 The trial court erred, abused it discretion, and/or its decision was against the manifest weight of the evidence when it failed to disentangle the finances of the parties in dividing their assets and indebtednesses (sic).
Richard argues the court erred by directing the parties to remain as joint owners of the marital residence, sharing jointly the mortgage obligation and some maintenance expenses. Richard argues that this order unnecessarily entangles his finances with Patricia's in violation of Hoyt v. Hoyt (1990), 53 Ohio St.3d 177,559 N.E.2d 1292. In Hoyt, however, the court addressed the division of a retirement account, and recognized that "some circumstances may warrant joint ownership [of property] after a divorce." Id. at 182, 559 N.E.2d at 1298.
Further, Revised Code § 3105.171(J)(1) permits a trial court to grant "a spouse the right to use the marital dwelling or any other marital property or separate property for any reasonable period of time." In addition, a court must consider the "desirability" of awarding the "right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage." R.C. § 3105.171(F)(3). Here, Patricia was designated the residential parent of Catherine, who was thirteen years old at the time of the 1996 hearing. Accordingly, the trial court's order permitting Patricia and Catherine to reside in the marital residence owned jointly by the parties until Catherine becomes emancipated, was well within the trial court's discretion. Richard's fourth assignment of error is overruled.
 V.
In Richard's fifth assignment he claims,
 The trial court erred, abused it discretion, and/or its decision was against the manifest weight of the evidence when it awarded Appellee excessive and unreasonable amounts of spousal support and/or other support payments and by not reasonably limiting such payments in duration or terminating them upon specific events.
Richard contends that the trial court erred when it awarded spousal support to Patricia in the amount of $300 per week, and directed him to share with Patricia the cost of the mortgage, property taxes and insurance relating to the marital home, during Patricia's temporary use thereof. Richard also claims his obligation to pay $190 per week for the support of his minor daughter was also excessive spousal support.
First, Richard's monthly obligation with respect to the marital residence is not spousal support. Rather, his obligation is merely a division of debts relating to the division of marital assets pursuant to R.C. § 3105.171. Likewise, Richard's obligation to pay $190 per week for the support of his minor daughter is also not spousal support. Richard does not challenge how the court figured Catherine's support, affixed by the court pursuant to the guidelines. Rather, Richard claims that Catherine's support must simply be viewed as additional spousal support for Patricia. There is, however, no evidence in the record that Catherine's child support is for anything other than child support.
Revised Code § 3105.18(B) permits reasonable spousal support "as the court considers equitable." Some of the factors a court must consider when determining what constitutes reasonable spousal support are, the income of the parties, their relative earning abilities, their education, the duration of the marriage, and the extent to which it would be inappropriate for a party, as the residential parent, to seek employment outside the home. R.C. § 3105.18(C)(1); see also, Shaffer, 109 Ohio App.3d at 210-211,671 N.E.2d at 1320.
Here, the record reflects that Richard and Patricia had been married for over 25 years. Patricia with only a high school education, did not work and remained in the household at Richard's insistence during their children's formative years. Patricia only started to work outside the home during the last two years of the marriage. Patricia worked part-time at a fast food restaurant and as a volunteer events coordinator. The record also indicates Patricia suffers from a heart condition which makes it difficult for her to obtain health insurance. The court found Patricia's prospects of future employment dim. Richard, on the other hand, has a college degree in engineering and earns a yearly income of $83,000, together with other benefits associated with working in a family owned business.
Based on the evidence in this record, the trial court acted well within its discretion when awarding Patricia spousal support of $300 per week. See, Shaffer, 109 Ohio App.3d at 211,671 N.E.2d at 1320 (where we found no abuse of discretion in an award of spousal support of $1,200 per month to a custodial parent who earned $20,000 per year while the non-custodial parent/obligor earned $100,000 per year).
Richard also claims that his obligation to pay spousal support for the duration of Patricia's life or until she remarries was in error. The circumstances in this case, however, fall squarely into the exception for potentially longer support obligations as set forth in Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,554 N.E.2d 83. In Kunkle, the court noted that "except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home" sustenance awards of spousal support should terminate within a reasonable time and at a fixed date. Id. at 69, 554 N.E.2d at 88.
Though Patricia is not necessarily greatly advanced in age, she does have a health condition which affects her ability to obtain insurance and employment. Further, the record indicates that the parties were married for over 25 years, with Patricia remaining a homemaker for nearly the entire marriage. These factors support the trial court's determination that Patricia lacks the ability to become entirely self-supporting. Finally, the trial court did retain jurisdiction over spousal support in the event any modification is warranted. The trial court acted within its discretion when it awarded Patricia spousal support for the duration of her life or until she remarries.
Richard's fifth assignment of error is overruled.
 VI.
In Richard's sixth assignment he claims,
 The trial court abused its discretion by requiring Appellant to pay a portion of Appellee's attorneys (sic) fees.
Richard also argues the trial court abused its discretion when it directed him to pay a share of Patricia's attorney's fees. Here, Richard stipulated that Patricia owed $10,000 in attorneys' fees. Upon review, the trial court ordered Richard to pay only $4,500 of this claimed debt as part of its distributive award. Richard contends, however, that the trial court abused its discretion when it directed him to share the cost of Patricia's attorney's fees as there was no evidence that Patricia needed such an award.
A trial court is in the best position to determine the "necessity and reasonableness" of requested attorney's fees.Shaffer, 109 Ohio App.3d at 214, 671 N.E.2d at 1323. Further, a court's award of attorney's fees will not be disturbed on appeal absent an abuse of discretion. Birath v. Birath (1988), 53 Ohio App.3d 31,39, 558 N.E.2d 63; Willis v. Willis (1984), 19 Ohio App.3d 45,482 N.E.2d 1274.
Reasonable attorney's fees may be awarded to either party in a divorce proceeding, provided "that the other party has the ability to pay the attorney's fees." R.C. § 3105.18(H). Here, the record reflects that Patricia had few financial resources and did not have a strong earning potential, while Richard did have substantial assets and earning potential. Accordingly, the trial court did not abuse its discretion when it awarded Patricia $4,500 in attorney's fees. Richard's sixth assignment of error is overruled.
 VII.
In Richard's seventh assignment he claims,
 The trial court erred and/or abused its discretion when it awarded Appellee interest on division of property and attorney fees prior to the entry of judgment, retroactive to the date of the Magistrate's Decision, and during the pendency of Temporary Orders in the case.
In its final judgment, the trial court sua sponte awarded Patricia "legal interest at the rate of 10% per annum from January 24, 1997." This final judgment was not entered until January 9, 1998. Richard argues that the trial court's order of interest on the two lump sum awards, retroactive from a date prior to entry of final judgment, amounts to unwarranted prejudgment interest. We agree.
Clearly, once a judgment is due and payable, interest on that judgment may be affixed. R.C. § 1343.03(A); see also, Downey v.Downey (Aug. 6, 1996) Mercer App. No. 10-95-18, unreported ("an obligation must be `due and payable' in order for a party to be awarded post-judgment interest"). Here, however, Richard's obligation to make two lump sum payments to Patricia was not due and payable until January 9, 1998, the date of final judgment. Nevertheless, the trial court ordered Richard to pay interest on that judgment as if it were due from January 24, 1997, the date of the magistrate's decision. A magistrate's decision is not a final judgment and no obligation recommended therein can become due and payable until final judgment, which is entered by the court of record. Civ.R. 53(E)(4)(a).
Patricia, citing to Koegel v. Koegel (1982), 69 Ohio St.2d 355,432 N.E.2d 206, argues that a trial court has "full discretion to award interest upon obligations arising out of the division of property." Koegel, however, determined that a trial court did not abuse its discretion when if failed to award post-judgment interest on an obligation not due and payable until a future date. Id. The court declined to resolve whether post-judgment interest, authorized by R.C. § 1343.03, was even applicable to a domestic relation's judgment which divided property. Nevertheless, the court noted that post-judgment interest was only owed on obligations "due and payable." Id. at 358, 432 N.E.2d at 208. As there was no obligation "due and payable" on the date of the magistrate's decision, Koegel offers Patricia no support for her award of interest from that date.
The interest awarded here, from the date of a magistrate's decision and prior to final judgment is, by definition, interest pre-judgment. The only statutory authority to impose prejudgment interest is found in R.C. § 1343.03(C). "[P]rejudgment interest" is allowable
 if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
R.C. § 1343.03(C)(1) (emphasis added).
Here, the record reveals no motion by either party requesting prejudgment interest. The award of interest prior to final judgment was sua sponte. Further, there is no evidence in this record that Richard did not make a good faith effort to settle the case.
Furthermore, an award of prejudgment interest is designed to "promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting." Moskovitz v. Mt. SinaiMed. Ctr. (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347, citing Kalain v. Smith (1986), 25 Ohio St.3d 157, 159,495 N.E.2d 572, 574. In a domestic relation's action, where fault is generally not an issue and tort liability and wrongdoing are not relevant, using prejudgment interest as a motivation for settlement hardly seems to meet Ohio's expressed policy for imposing such an obligation.
Nevertheless, here, the delay of nearly one year from the date of the magistrate's decision until final judgment does not appear to have been the result of delay tactics employed by Richard. The trial court permitted Richard to file his objections to the January 24, 1997 magistrate decision three days outside rule due to pressing family obligations of Richard's counsel. Richard filed his objection to the magistrate's decision on February 10, 1997. Patricia's response to Richard's objections were not filed until May 5, 1997. The trial court did not rule on the objection until October 27, 1997 and did not cause final entry to be filed until January 9, 1998. This delay cannot be attributed to Richard.
Accordingly, the trial court's entry of "legal interest at the rate of 10% per annum from January 24, 1997" was in error. Richard's seventh assignment of error is sustained.
Judgment for prejudgment interest is reversed. In all other respects, the Judgment of the Common Pleas Court of Seneca County is affirmed.
Judgment affirmed in part, reversed in part and causeremanded.
 HADLEY and EVANS, JJ., concur.