This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants James Beatty, Richard Beatty, and Colin Winn (appellants) have appealed from a judgment of the Summit County Common Pleas Court, Probate Division, that determined that appellee Mary Berkes required a guardian and ordered that she reside in Florida with one of her nieces. Appellants have assigned six errors regarding the probate court's disposition of this case. We affirm the judgment of the probate court.
This case involves a dispute over the guardianship and state of residence of Mary Berkes. Ms. Berkes, now 90 years old, was born and raised in Akron, Ohio. She lived in a house in Akron as a child and again as an adult with her husband, who died in 1983. Following his death, she continued to reside at that house until September 1997. During that month, two of her nieces, Leanna Faye Holmes and Elaine Formby, removed her from her home in Akron and took her to Florida. Apparently, the nieces moved Ms. Berkes to Florida because she suffered from Alzheimer's Disease, causing her to become confused and often resulting in her wandering the streets of her hometown.
Appellants in this case are two of Ms. Berkes' nephews, James and Richard Beatty, and a close friend, Colin Winn, who for a time acted as her caregiver. They contested the move to Florida and claimed that Ms. Berkes had, for a long time, made known her desire to remain at her house in Ohio. According to appellants, Ms. Berkes specifically stated that she did not want to live in Florida.
On September 29, 1997, Marta Williger, the attorney representing Ms. Holmes and Ms. Formby, filed an application in the Summit County Common Pleas Court, Probate Division, seeking to have herself appointed Ms. Berkes' guardian. On October 7, 1997, Mr. Winn filed a similar application. The probate court scheduled a hearing on those applications for October 29, 1997, and sent notice to Ms. Berkes. No hearing was held on October 29, 1997; instead, it was conducted on October 17, 1997. Ms. Berkes was not present at that hearing. According to appellants, the hearing was actually held in a magistrate's office and no record of those proceedings was made.
Following that hearing, the magistrate recommended that Ms. Berkes be found incompetent, that both applications for guardianship be denied, and that attorney Geoffrey Eicher be appointed guardian.[1] That same day, the probate court adopted the magistrate's recommendations.
On October 31, 1997, attorney Margaret Kreiner, who purported to represent Ms. Berkes, filed objections to the magistrate's decision. She claimed, among other things, that Ms. Berkes was denied due process, that Ms. Berkes was improperly served, that the probate court lacked jurisdiction, and that Mr. Eicher was improperly appointed guardian. No other party objected to the magistrate's decision.
On November 3, 1997, the probate court issued an interim order that adopted the magistrate's decision pending the disposition of the objections filed by Ms. Kreiner. A hearing on those objections was scheduled for December 17, 1997. Appellants responded to Ms. Kreiner's objections to the magistrate's decision and argued that those objections were without merit. At the hearing on those objections, held December 17, 1997, appellants again argued that the objections were without merit. Shortly after that hearing, Ms. Kreiner moved the probate court to withdraw her objections.
The probate court held another hearing on February 25, 1998, to determine the future living arrangements of Ms. Berkes. It indicated that the issue of appointment of the guardian was not before it. Appellants apparently agreed and requested only a hearing on whether Ms. Berkes should be returned to Ohio. On March 4, 1998, the probate court ordered Mr. Eicher to return Ms. Berkes to Ohio for an evaluation by a physician at the Center for the Healthy Aging in Akron.
The probate court also scheduled a hearing to determine the future living arrangements for Ms. Berkes. That hearing was held on June 1, 1998. At that hearing, it was agreed that, in lieu of testimony, affidavits would be submitted to the court. The probate court released its judgment on July 14, 1998. It determined that Ms. Berkes was in need of a guardian and ordered that she continue to reside in Florida with her niece "until further Order of [the] Court." The probate court also decided that the evaluation performed on Ms. Berkes would not be received as evidence, but would remain in the guardianship file for future reference concerning the guardianship issue. From that order, appellants appealed to this Court.
Appellants' first assignment of error is:
The trial court erred in failing to order the return of [Ms.]Berkes from Florida prior to appointment of a guardian.
Appellants have argued that Ms. Berkes' presence was required before the probate court could find her incompetent and appoint a guardian. Her absence, they have claimed, was reversible error.
This Court notes that appellants failed to preserve this issue for purposes of appeal. First, appellants did not raise objections concerning the lack of Ms. Berkes' presence before the probate court and did not argue at any time during the proceedings before the probate court that her presence was necessary prior to the appointment of a guardian. The alleged error that appellants have asserted before this Court could have been remedied, or at least addressed, by the probate court had it been raised at that time. Because appellants failed to raise that alleged error before the probate court, it is waived for purposes of appeal.
Nonetheless, even if this Court were to reach the merits of appellants' first assignment of error, they have not demonstrated that Ms. Berkes' presence at the hearing was required. Section2111.02(C) of the Ohio Revised Code provides the procedures that a probate court must follow when appointing a guardian for an alleged incompetent. The proposed guardian is required to appear at the hearing. Section 2111.02(C)(1). In addition, the alleged incompetent has the right to be represented by independent counsel of her choice and to have present a friend or family member of her choice. Sections 2111.02(C)(7)(a) and (b) of the Ohio Revised Code. Section 2111.02 does not require that the alleged incompetent be present, and appellants have pointed to no authority that the alleged incompetent must be present before a determination of her incompetence and an appointment of a guardian can be made.
The process to appoint a guardian is not adversarial in nature. In re Guardianship of Schumacher (1987), 38 Ohio App.3d 37,39, citing In re Clendenning (1945), 145 Ohio St. 82, 89-90. Rather, the probate court's function is to provide for the best interests of the alleged incompetent. In re Estate of Bednarczuk
(1992), 80 Ohio App.3d 548, 551. The alleged incompetent's presence is not, therefore, mandatory. See, e.g., In reGuardianship of Corless (1981), 2 Ohio App.3d 92; In reGuardianship of Gallagher (1981), 2 Ohio App.3d 218 (suggesting that the physical presence of the alleged incompetent is not necessary if the trial court has had an opportunity to observe that person). The procedural requirements of Section 2111.02(C) of the Ohio Revised Code provided all the necessary safeguards to protect Ms. Berkes' interests. Appellants' first assignment of error is overruled.
Appellants second assignment of error is:
The trial court erred in failing to refer the issue of theremoval of [Ms.] Berkes from her home in Ohio to theappropriate law enforcement agency.
Appellants have argued that the probate court was required to contact the local law enforcement agency when it learned that Ms. Berkes had been forcibly removed from her home in Ohio and taken to Florida. They have argued that the probate court abused its discretion by not contacting a law enforcement agency when they "repeatedly" asked it to do so and provided evidence of abuse.
Section 2101.26 of the Ohio Revised Code, which appellants have cited as authority for their position, provides that, when a probate judge "receives information of the alleged abuse or financial exploitation of a person of advanced age or of an incompetent," that judge "may refer the information to the appropriate law enforcement agency * * *." That section, however, imposes no mandatory duty on the probate judge to contact an appropriate law enforcement agency when abuse of an elderly or incompetent person is alleged.
In this case, the probate judge did not err by failing to act on appellants' requests to investigate the alleged abuse of Ms. Berkes. First, that judge could have concluded that no abuse had taken place. Appellants provided the probate court only with information that Ms. Berkes had been taken from her home in Ohio to live with her nieces in Florida. Although they claimed that that removal was against her will, they failed to provide anything more than an affidavit of a neighbor who claimed that Ms. Berkes had previously said that she did not wish to live in Florida, that she was taken from her home in Ohio by her nieces, and that she did not appear to understand that she was going to live in Florida. It was not improper for the probate court to conclude that no abuse had been demonstrated.
In addition, appellants have suffered no prejudice as a result of the probate court's failure to contact a law enforcement agency and, consequently, we can provide them no relief. Even if the probate court's actions were incorrect, appellants have not demonstrated why, based on those actions, they were entitled to the return of Ms. Berkes and a new hearing on her guardianship appointment. Consequently, appellants' second assignment of error is overruled.
Appellants third, fourth, and fifth assignments of error are related and will be addressed together. They are:
 The procedural irregularities in the appointment of the guardian of [Ms.] Berkes require[d] the reversal of the court's order of July 14, 1998.
 The trial court abused its discretion in failing to consider evidence of a less restrictive alternative to guardianship pursuant to Ohio Revised Code [Section] 2111.02(5), (6).
 The trial court erred in failing to appoint the person nominated as guardian in [Ms. Berkes] durable power of attorney.
Appellants have pointed to several alleged errors committed by the probate court during the proceedings in this case. They have argued that those errors were so severe that this Court must reverse the appointment of the guardian and remand this case for a new hearing.
 1.
Appellants have first argued that the procedures at the magistrate's hearing that led to the appointment of Mr. Eicher as guardian were so flawed that the probate court's order adopting the magistrate's decision and appointing Mr. Eicher as guardian must be reversed. They have claimed that the hearing was held in the magistrate's office less than seven days after Ms. Berkes was given notice of the hearing, a violation of Section 2111.04 of the Ohio Revised Code. They have also claimed that Ms. Berkes was prevented from adequately protecting her interests in this case.
On October 17, 1997, a hearing was held on the guardianship applications submitted by Ms. Williger and Mr. Winn. After that hearing, the magistrate issued her decision and recommended that Mr. Eicher be appointed as guardian. The probate court adopted that decision the same day. On October 31, 1997, Ms. Kreiner, the attorney representing Ms. Berkes, filed objections to that decision, pursuant to Rule 53(E) of the Ohio Rules of Civil Procedure. Appellants did not object to the magistrate's decision.
Pursuant to Rule 53(E)(3)(b), "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." By failing to object to the magistrate's decision, appellants waived their right to challenge it. See Maiher v. Maiher (Aug. 20, 1997), Medina App. No. 2644-M, unreported, 1997 Ohio App. LEXIS 3739, at *3-4; Lewis v. Savoia
(Aug. 28, 1996), Summit App. No. 17614, unreported, 1996 Ohio App. LEXIS 3597, at *3-4.
Furthermore, appellants did not file a transcript of those proceedings. As the appellants, they had the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support their assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,314.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
 Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. In the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 409.
Finally, even if this Court could review the magistrate's hearing, it appears that appellants voiced no opposition to Mr. Eicher serving as guardian and, in fact, argued that the procedures employed by the magistrate were proper. At the December 17, 1997, hearing on Ms. Kreiner's objections to the magistrate's decision, appellants' attorney stated:
 In addition to that, to testify with regard to my motion to have [Ms. Berkes] returned. The referee conducted a conference in her office. And in light of the discussions and the facts — quite frankly, it was my opinion that it was agreed that, in fact, Mr. Eicher would be appointed.
 There was never a dispute that [Ms. Berkes] was incompetent. I have never seen any pleadings. And the pleadings I see the ward is competent. I don't see an expert, report, or doctors' statement. So at that point we had a concurrence that [Ms. Berkes] was incompetent. And all we needed at that point was a concurrence that we have a guardian appointed.
 And Mr. Eicher — although I don't agree — I will tell you frankly I don't agree with some of the conclusions he may have reached — may have reached. He would be — he is an independent party. And at that point that was the agreement and I saw — I saw — I still see no procedural flaws, based upon what the magistrate had before her.
During the December 17, 1997, hearing, appellants argued that Ms. Berkes had received notice, that she had requested counsel, and that there were no irregularities in the magistrate's proceedings. Appellants may not argue throughout the probate court proceedings that the decision of the magistrate was correct and then argue on appeal that that decision was improper. Appellants' argument in this regard is without merit.
 2.
Appellants have also argued that the probate court's procedures during the December 17, 1997, hearing on Mr. Kreiner's objections to the magistrate's decision, were improper. Specifically, they have argued that Ms. Kreiner was not Ms. Berkes attorney, but was, in fact, hired by Ms. Williger, who represented Ms. Berkes' nieces. According to appellants, Ms. Berkes had no representation at the hearing. They have also argued that, although Ms. Kreiner moved to withdraw her objections, the trial court never ruled on that motion and, therefore, never allowed the objections to be withdrawn.
Although appellants have correctly pointed out that the probate court initially had reservations about the representation of Ms. Berkes and questioned whether Ms. Kreiner was, in fact, her attorney, the issue was not pursued. The probate court was apparently satisfied that Ms. Kreiner had been hired by Ms. Berkes and was adequately representing her interests. Furthermore, appellants have not demonstrated that Ms. Kreiner was not adequately representing Ms. Berkes. Appellants' argument in this regard is, therefore, without merit.
Finally, contrary to appellants' assertion that the probate court never ruled on Ms. Kreiner objections, the probate court did, in fact, overrule those objections with its journal entry of July 14, 1998, from which appellants have appealed. Although that judgment made no mention of the objections, when a trial court fails to rule on an objection or motion, this Court will presume that the court overruled that objection or motion. Shaffer v.Shaffer (1996), 109 Ohio App.3d 205, 212. By failing to specifically address Mr. Kreiner's objections to the magistrate's decision, the probate court overruled them. Appellants' second argument is without merit.
 3.
Third, appellants have argued that the probate court erred when, following the February 25, 1998, hearing, it ordered Ms. Berkes to be returned to Ohio for an evaluation, but failed to observe or question her. Contrary to appellants' assertions that the probate court was "attempting to meet its obligation pursuant to [Section] 2111.02 [of the Ohio Revised Code], to determine if [Ms. Berkes] was indeed incompetent, to determine what her wishes might be with regard to her future care, and most importantly, attempting to afford [her] some due process," its only concern at that point was to determine the future living arrangements for Ms. Berkes. She had already been adjudicated an incompetent and Mr. Eicher had already been appointed her guardian.
Ms. Berkes was returned to Ohio, as the probate court ordered. She submitted to an evaluation. The probate court did not order Ms. Berkes to appear before it and did not guarantee appellants a right to question her.
Finally, appellants have argued that they did not have an opportunity to examine the evaluation before the hearing and did not have a chance to question the doctor who evaluated Ms. Berkes. Appellants' argument, however, lacks merit. The evaluation was not received as evidence by the probate court. It was apparently not used by the probate court when it made its determination regarding the future living arrangements of Ms. Berkes. Appellants' third argument is without merit.
 4.
Appellants have argued that the probate court incorrectly failed to grant them a hearing regarding: (1) the appointment of a guardian; and (2) their motion to return Ms. Berkes to Ohio. As to their first argument, this Court has already held that their challenges to the appointment of a guardian were waived. As to their second argument, the probate court held a hearing on June 1, 1998, which concerned the future living arrangements of Ms. Berkes. By agreement, the parties submitted affidavits in lieu of testimony. Whatever arguments appellants wished to make regarding Ms. Berkes' presence before the probate court could have been made at that hearing.
Furthermore, appellants have not demonstrated why Ms. Berkes' presence was necessary at the June 1, 1998, hearing. That hearing was to decide only her future living arrangements. The question of her incompetence had already been decided. The appointment of her guardian had already been made. This Court cannot conclude that appellants were prejudiced by the failure of the probate court to grant them a hearing on their motion requesting the return of Ms. Berkes. Appellants' fourth argument is without merit.
 5.
Appellants have argued that the probate court incorrectly failed to consider evidence of a less restrictive alternative to guardianship, as required by Sections 2111.02(5) and (6) of the Ohio Revised Code. They have argued that the probate court failed to offer sufficient reasons for its decision not to allow Ms. Berkes to remain in her home with full-time nursing assistance. That was possible, they have claimed, and should have been considered by the probate court before it ruled that Ms. Berkes required a guardian.
As noted above, appellants waived their right to argue that the appointment of a guardian was improper when they failed to object to the magistrate's decision and consistently argued that the appointment process was proper. Furthermore, because they failed to include a copy of the transcript of the magistrate's hearing, from which came the guardian's appointment, we are unable to review whether appellants presented evidence of a less restrictive alternative to guardianship. We must, therefore, presume that the probate court considered the necessary factors and properly concluded that a less restrictive alternative was not in the best interest of the incompetent in this case. Appellants' argument is without merit.
 6.
Finally, appellants have argued that the probate court erred by appointing Mr. Eicher as Ms. Berkes' guardian. Instead, according to appellants, the probate court should have appointed the person nominated as guardian in Ms. Berkes' power of attorney. Appellants have claimed that Section 2111.12.1(B) of the Ohio Revised Code requires a probate court to appoint the person nominated as guardian in a durable power of attorney if that person is "competent, suitable, and willing to accept the appointment."
As noted above, appellants failed to include a transcript of the proceedings that led to the appointment of a guardian. Further, they failed to object to the magistrate's decision that appointed Mr. Eicher guardian. Consequently, there is nothing in the record to indicate whether the person nominated in Ms. Berkes power of attorney was competent, suitable, and willing to accept the appointment. Accordingly, this Court must presume that the proceedings were properly conducted. As such, appellants' argument in this regard is without merit. Their third, fourth, and fifth assignments of error are overruled.
Appellants' sixth assignment of error is:
The trial court violated [Ms.] Berkes' constitutional rightsof due process and privacy by ordering her to remain inFlorida against her wishes.
Appellants have argued that Ms. Berkes had stated many times that she wished to live out her life at her home in Akron, Ohio, and had explicitly said that she did not want to live in Florida. They have argued that every American citizen has the right to live where he or she chooses and, because Ms. Berkes had already stated that she wished to remain at her home in Ohio, the probate court incorrectly refused to permit her to live where she wished.
Appellants have pointed to Cruzan v. Missouri Dept. of Health
(1990), 497 U.S. 261, 111 L.Ed.2d 224, to support their argument. They have claimed that Cruzan recognized a right to demand the withdrawal of life-prolonging medical treatment and that, by analogy, Ms. Berkes' has a right to choose where she wishes to live. We conclude that appellants' reliance on Cruzan is misplaced. This cases does not involve the issues raised inCruzan. Indeed, the issue in this case is not even whether Ms. Berkes has a right to live where she wishes. Rather, the issue is whether the probate court abused its discretion when it concluded that a residence in Florida was in the best interest of Ms. Berkes, who was adjudicated an incompetent individual.
We conclude that the probate court did not abuse its discretion. The court had before it sufficient evidence to conclude that it was in the best interest of the incompetent to live with her niece in Florida. Consequently, it did not abuse its discretion when it required her to remain in Florida. Appellants' sixth assignment of error is overruled.
In summary, appellants have not demonstrated error by the probate court in this case. Consequently, their assignments of error are overruled. The judgment of the probate court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
SLABY, P. J.
BAIRD, J.
CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] Mr. Eicher was a disinterested person, previously unrelated to this case, who was appointed guardian by the trial court, apparently with the approval of all the parties.