OPINION
{¶ 1} Defendant-appellant, Doyle Smith, appeals the decision of the Butler County Common Pleas Court, Domestic Relations Division, settling property division and attorney fees in a divorce action.
 {¶ 2} Appellee, Kim Smith ("Mrs. Smith"), filed for divorce on August, 11, 2000, after nearly 11 years of marriage to appellant. Two children were born of the marriage. Appellant was employed at General Electric ("G.E.") for nearly 32 years. A contested divorce proceeding was held on two separate days in August 2001. A decision was issued on September 10, 2001, and the decree was entered on October 10, 2001.
 {¶ 3} The trial court made a division of property, which included a division of appellant's G.E. Savings and Security Plan ("the plan") and an award to Mrs. Smith for attorney fees, among other findings. Appellant appeals the decision of the trial court, and presents two assignments of error.
Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT USED EVIDENCE THAT WAS INCOMPETENT AND NOT CREDIBLE TO DETERMINE THE VALUE OF APPELLANT'S SAVINGS AND SECURITY PLAN."
 {¶ 5} Appellant argues that the plan consisted of investments and that the depreciation of those investments was not considered when the trial court relied on the valuation of the plan as introduced by Mrs. Smith. Mrs. Smith provided documentation from G.E., in which the plan was given a valuation of $48,081, as of September 18, 2000.
 {¶ 6} A domestic relations court has considerable discretion when dividing marital assets. Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. A trial court's decision regarding the division of marital property will be upheld absent an abuse of discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 130. Abuse of discretion is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} We have previously held that it is within the trial court's discretion to use different valuation dates where the valuation or account balances at a certain date were the only evidence before the court. Keyser v. Keyser (Apr. 9, 2001), Butler App. No. CA2000-06-127;Hutchins v. Hutchins (Sept. 18, 2000), Preble App. No. CA99-11-021.
 {¶ 8} In this case, the court used the only valuation date that was presented at trial to determine the value of the plan. Because this was the only evidence presented, it was not an abuse of the trial court's discretion to use that date to value the asset. The date was not assigned by the trial court but was the product of the evidence introduced by the parties. Keyser; White v. White (Feb. 18, 1998), Summit App. No. 18275.
 {¶ 9} We note that appellant did not object at trial when the evidence bearing the September 2000 date was introduced, nor did appellant provide a more updated valuation of his G.E. plan. A party may not assign as error an issue that could have been, but was not, raised in the trial court. White. Appellant had the burden to raise this issue and to present evidence to the trial court. See, generally, White. If appellant wanted to show that the plan's value had diminished in 2001, it was incumbent upon appellant to give the trial court such evidence. The trial court did not abuse its discretion when it used the September 2000 valuation of the plan provided by Mrs. Smith.
 {¶ 10} Appellant also argues that the trial court abused its discretion when it added into the plan the amount of $40,000,[1] which appellant reportedly withdrew from the plan in June 2000. Appellant asserts that he presented evidence at trial that he used the funds from the $40,000 withdrawal to pay the marital household expenses. The trial court found that appellant did not adequately account for the $40,000 amount.
 {¶ 11} When asked how appellant spent the $20,000 from the $40,000 withdrawal, appellant responded, "On just day to day living. And paying off bills. And paying — I was paying living expenses. I was living with someone. I was paying them rent. I was paying legal fees. Ah, and I was buying groceries."
 {¶ 12} Appellant testified that he would deposit the money when expenses needed to be paid, but would otherwise hold onto the funds in the form of a check with appellant as payee. When asked why he did not leave the money in his checking account, appellant responded that he was afraid "it would be attached."
 {¶ 13} After reviewing the record, we cannot say that the trial court abused its discretion when it determined that appellant's testimony and exhibits about the $40,000 withdrawal were inadequate and that the amount should be included in the total calculation.
 {¶ 14} Competent and credible evidence supported the trial court's decisions to use the September 2000 valuation date and to incorporate the amount appellant withdrew in June 2000 into the plan for purposes of determining the plan's division. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN AWARDING ATTORNEY FEES TO APPELLE (sic)."
 {¶ 16} Appellant argues that the trial court erred when it awarded attorney fees based upon an unsworn invoice for an amount in excess of the amount requested.
 {¶ 17} A party seeking attorney fees must establish a financial need and demonstrate that the award is reasonable under the circumstances. Callahan v. Callahan (June 5, 1989), Warren App. No. CA87-11-093. The decision to award attorney fees falls within the sound discretion of the trial court and should not be disturbed unless the decision is unreasonable, arbitrary, or unconscionable. See Rand v. Rand
(1985), 18 Ohio St.3d 356, 359.
 {¶ 18} When the amount of time and work spent on the case by the attorney is evident, an award of attorney fees, even in the absence of specific evidence, is not an abuse of discretion. Babka v. Babka (1992),83 Ohio App.3d 428, 435. The trial can use its own knowledge and experience in determining the necessity and reasonableness of attorney fees. Shaffer v. Shaffer (1996), 109 Ohio App.3d 205, 214.
 {¶ 19} The trial court heard Mrs. Smith testify that she worked infrequently throughout the marriage, and recently quit a job because appellant was not picking up or keeping the children as agreed. The trial court also heard testimony that appellant earned $48,000 a year at G.E. Testimony was also presented that court hearings were postponed on three occasions by appellant, including at least one occasion where the other party was waiting at the courthouse.
 {¶ 20} Appellant testified that he had paid his attorneys $4,000 to $5,000 and Mrs. Smith submitted a bill for services for approximately $5,000 from her attorney. This bill included an estimated amount set aside for a contested hearing of 3.5 hours. The bill also reflected that approximately $2,000 had already been paid, as Mrs. Smith testified, by Mrs. Smith's mother.
 {¶ 21} We find that the evidence supports a conclusion that Mrs. Smith would be prevented from fully litigating her rights absent a reasonable attorney fee award. Mavity v. Mavity, Butler App. Nos. CA2000-12-244, CA2000-12-247, 2002-Ohio-556. The decision to order appellant to pay $4,000 for Mrs. Smith's attorney fees was supported by competent and credible evidence and was not an abuse of discretion. SeeCallahan v. Callahan (June 5, 1989), Warren App. No. CA87-11-093. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Appellant testified that he received $32,000 from the $40,000 withdrawal after taxes were deducted for withdrawing the funds.