DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Roland J. Eckstein, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which denied appellant's motion to modify his child support and spousal support obligations and ordered him to pay $1,000 in attorney's fees on behalf of appellee, Sharon Ann Eckstein. This Court affirms in part and reverses in part.
 I. {¶ 2} The parties' marriage ended in divorce on April 16, 1999. In the divorce decree, appellant was ordered to pay both child support and spousal support. Appellant moved the trial court to modify his child support and spousal support obligations several times prior to the motion that is at issue in this appeal. Each time, the trial court granted appellant's motion with regard to his child support obligation, but denied appellant's motion to modify his spousal support obligation. On appeal, this Court affirmed the trial court's initial award of spousal support. Eckstein v. Eckstein (Mar. 22, 2000), 9th Dist. No. 2974-M.
 {¶ 3} In his most recent motion to modify child support and spousal support, appellant argued that his income had been reduced since the trial court's last decision regarding his child support and spousal support obligations. Appellant argued that the reduction in his income constituted a substantial change in circumstances which warranted the modification of his support obligations.
 {¶ 4} The magistrate denied appellant's motion to modify his child support and spousal support obligations; granted appellee's motion for contempt; and ordered appellant to pay $1,000 in attorney's fees on behalf of appellee. Appellant filed objections to the magistrate's decision. The trial court adopted the magistrate's decision regarding appellant's motion to modify his child support and spousal support obligations; vacated the magistrate's decision regarding appellee's motion for contempt; and adopted the magistrate's decision ordering appellant to pay $1,000 toward appellee's attorney's fees.
 {¶ 5} Appellant timely appealed to this Court, setting forth three assignments of error for review.
 II FIRST ASSIGNMENT OF ERROR
"The trial court erred in failing to modify Defendant-Appellant's Child Support Obligation."
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred by denying his motion to modify his child support obligation. This Court disagrees.
 {¶ 7} It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 8} When a party seeks modification of an existing child support order, the trial court is to recalculate the support using the appropriate child support calculation worksheet and schedule. A change of circumstance warranting a modification is found if the recalculated amount is more or less than ten percent of the existing obligation. Swank v. Swank, 9th Dist. No. 21207, 2003-Ohio-720.
 {¶ 9} Appellant argues that the trial court erred in denying his motion to modify his child support obligation because the magistrate failed to rule on his motion for child support. Alternatively, he argues that, assuming the trial court ruled on his motion to modify child support, the trial court incorrectly calculated his child support obligation by using $100,000 as his income.
 {¶ 10} The trial court found that the magistrate's decision contained a thorough analysis of appellant's financial situation. The trial court found that the magistrate clearly intended to deny appellant's motion for modification of his child support obligation. The trial court noted that the magistrate's decision found that appellant's claims regarding his financial situation lacked credibility. The trial court concluded that the magistrate's decision was support by the record.
 {¶ 11} The hearing before the magistrate took place on August 29, 2002. In support of his motion for modification, appellant supplied a financial statement for his corporation from the 2000 fiscal year and a copy of his tax return for the 2000 tax year. However, appellant failed to provide the trial court with current documentation regarding his financial situation at the time of the hearing. Appellant testified that his 2001 personal tax return had not been filed as of the hearing date. Appellant did testify as to his current financial situation. However, the magistrate did not find appellant's testimony credible. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact." State v. Wolery
(1976), 46 Ohio St.2d 316, 331, quoting State v. DeHass,
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 12} After a review of the record, this Court cannot find that the trial court abused its discretion in denying appellant's motion to modify his child support obligation. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in granting an award of attorney fees."
 {¶ 13} In his second assignment of error, appellant argues that the trial court erred in ordering him to pay $1,000 toward appellee's attorney's fees. This Court agrees.
 {¶ 14} R.C. 3105.18(H) authorizes the trial court to award attorney's fees. That section provides:
"(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 15} The burden of demonstrating the reasonableness of attorney's fees is on the person requesting the fees. Shaffer v.Shaffer (1996), 109 Ohio App.3d 205, 214.
 {¶ 16} An appellate court reviews a trial court's decision regarding attorney's fees under an abuse of discretion standard.Holcomb v. Holcomb, 9th Dist. No. 01CA007795, 2001-Ohio-1364, at ¶ 18. Absent such an abuse, this Court will not reverse a trial court's award of attorney's fees in a post-divorce action.Parzynski v. Parzynski (1992), 85 Ohio App.3d 423, 439. While the determination of the amount of attorney's fees is within the trial court's discretion, there must be some evidence before the court to justify the award. Davis v. Reed (June 20, 1996), Eighth Dist. Nos. 68699/68700. See, also, Kapcsos v. Hammond
(1983), 13 Ohio App.3d 140, 142 ("In determining the amount of attorney['s] fees to be awarded, as in any other determination of damages, the [trier of fact] must be presented with some credible evidence.").
 {¶ 17} In the present case, the trial court ordered appellant to pay $1,000 toward appellee's attorney's fees. However, there is no evidence in the record as to the total amount of appellee's attorney's fees and whether those fees are reasonable. Unlike inShaffer, where the court had before it the total amount of attorney's fees incurred, in this case the court had no such information before it. A review of the record shows that no evidence was offered as to either the exact amount of attorney's fees incurred or on the reasonableness or necessity of the fees. Appellee's counsel offered no direct testimony on this issue nor did he proffer any documentation relative to the hours spent on this matter. Moreover, the trial court did not determine that appellee would be prevented from fully litigating her rights and adequately protecting her interests if the court did not award reasonable attorney's fees.
 {¶ 18} This Court finds that the trial court abused its discretion in ordering appellant to pay $1,000 toward appellee's attorney's fees. Accordingly, appellant's second assignment of error is sustained.
 THIRD ASSIGNMENT OF ERROR
"The trial court erred in failing to modify Defendant-Appellant's Spousal Support Obligation."
 {¶ 19} In his third assignment of error, appellant argues that the trial court erred in denying his motion to modify his spousal support obligation. This Court disagrees.
 {¶ 20} This Court reviews a trial court's decision concerning modification of spousal support under an abuse of discretion standard. Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735.
 {¶ 21} R.C. 3105.18(E) provides that the trial court may modify the amount or terms of a spousal support order upon a determination that the circumstances of either party have changed, provided that the trial court retained jurisdiction with respect to the spousal support. A change in circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). The change must be substantial and one that was not contemplated at the time of the previous order. Tremaine v. Tremaine (1996),111 Ohio App.3d 703, 706. "In order to merit any adjustment, the requisite change in the [parties'] economic situation must be of such a degree as to be described `drastic.'" Mottice,118 Ohio App.3d at 734.
 {¶ 22} The party seeking the modification or termination bears the burden of proving that modification or termination is warranted. Joseph, 122 Ohio App.3d at 736. Only where the person seeking modification shows that there has been a substantial change in financial circumstances not anticipated at the time of the original decree or prior order, does the court have jurisdiction to consider the modification. See id. Once the moving party demonstrates the substantial change of circumstances, the moving party still has the burden of showing that the current award is no longer "appropriate and reasonable." See R.C. 3105.18(C).
 {¶ 23} In this case, the trial court determined that appellant had not shown that there had been a substantial change in financial circumstances not anticipated at the time of the original divorce decree. In affirming the magistrate's decision regarding appellant's motion for modification of his spousal support obligation, the trial court noted that the magistrate's decision found the evidence presented by appellant less than credible. Furthermore, the trial court found that the magistrate's decision was supported by the record.
 {¶ 24} Appellant argues that while it was contemplated by the parties that his business would sustain a loss, the degree of the loss actually sustained by his company was not contemplated. In addition, appellant argues that the fact that appellee now has the potential to earn income as a substitute teacher and income from her investments constitutes a substantial change in financial circumstances not anticipated at the time of their divorce.
 {¶ 25} The record shows that the parties did contemplate that appellant's business would sustain a loss. Furthermore, the trial court did not find appellant's testimony regarding the loss his business sustained credible.
 {¶ 26} As for appellee's income, appellee was a student at the time the parties divorced, and she is still a student. Moreover, the parties knew at the time of the divorce that appellee was to receive a property settlement. After reviewing the record, this Court cannot find that the trial court abused its discretion in adopting the magistrate's decision regarding appellant's motion for spousal support. Appellant's third assignment of error is overruled.
 III. {¶ 27} Appellant's second assignment of error is sustained. Appellant's first and third assignments of error are overruled. The decision of the trial court is affirmed in part and reversed in part.
Judgment affirmed in part, and reversed in part.
Baird, P.J. and Batchelder, J., concur.