DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steven Clark, appeals from the decision of the Medina County Court of Common Pleas which denied Appellant's objections to the magistrate's decision, affirmed in part and vacated in part the magistrate's decision and ordered that Appellant pay $687.47 per month in child support to Appellee, Sandra Clark. We affirm.
 {¶ 2} The parties were divorced in 2001. The original divorce decree provided that, based on Appellant's salary of $69,195, he was to pay $720.40 per month in child support and $1,200 per month in spousal support. Thereafter, on April 18, 2002, Appellant filed a motion to modify child and spousal support due to a change of circumstances surrounding his employment. The matter was referred to a magistrate and a hearing was held. The magistrate then issued a decision in which she found that there was a change of circumstances in regards to the child support calculation but that Appellant did not satisfy the statutory requirements in order to modify the spousal support award. The magistrate recommended that Appellant's child support obligation be adjusted to $554.51 per month based on an income of $48,777.42.
 {¶ 3} Appellant filed objections. A hearing was then held on Appellant's objections and the court scheduled a subsequent hearing so that additional evidence concerning the child and spousal support modification and the issue of inclusion of social security disability benefits in the child support computation could be addressed. After the hearing, the court affirmed the magistrate's decision as to the motion to modify spousal support and overruled the magistrate's decision regarding child support modification as it determined that there was "no credible evidence before it to conclude there has been any change in [Appellant's] financial circumstances[.]" However, the court ordered that as of April 18, 2002, Appellant was to pay child support in the amount of $687.47 per month based on a credit for social security benefits.
 {¶ 4} It is from this decision that Appellant appeals. Appellant's assignments of error have been combined to facilitate review.
 ASSIGNMENT OF ERROR I
"The trial court abused its discretion by vacating that protion [sic.] of the magistrate's decision granting Appellant's motion to modify child support and by increasing the amount of Appellant's monthly child support obligation from the amount determined by the magistrate based on Appellant's federal income tax returns."
 ASSIGNMENT OF ERROR II
"The trial court abused its discretion by affirming that portion of the magistrate's decision denying Appellant's motion to modify spousal support, where there was a clear change in circumstances due to Appellant's involuntary reduction in income as demonstrated by his federal income tax returns."
 {¶ 5} In his assignments of error, Appellant maintains that the trial court abused its discretion in failing to modify both his child and spousal support payments. More specifically, Appellant essentially contests the trial court's determination that his testimony and evidence submitted in support of the modification was not credible. Appellant's assignments of error lack merit.
 {¶ 6} A trial court possesses broad discretion when modifying child and spousal support awards, and "the finding as to whether there has been a change in circumstances that, ultimately, warrants a modification or termination will not be reversed absent an abuse of discretion." Mottice v. Mottice (1997),118 Ohio App.3d 731, 735. See, also, Julian v. Julian, 9th Dist. No. 21616, 2004-Ohio-1430, at ¶ 4. An abuse of discretion is more than an error of law or judgment, and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 7} When a party seeks modification of an existing child support order, the trial court is to recalculate the support using the appropriate child support calculation worksheet and schedule. R.C. 3119.79(A). A change of circumstance warranting a modification is found if the recalculated amount is more or less than ten percent of the existing obligation. Id.
 {¶ 8} In order for a modification of spousal support to be granted, there must be a "substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moore v. Moore (1997),120 Ohio App.3d 488, 491. See, also, Nestor v. Nestor (May 9, 2001), 9th Dist. No. 00CA007725, at 2-3. A change of circumstances may include any increase or involuntary decrease in wages, salary, bonuses, living expenses, or medical expenses. R.C. 3105.18(F). The party seeking the modification bears the burden of proof on the matter. Joseph v. Joseph (1997), 122 Ohio App.3d 734, 736. Once a substantial change of circumstances has been demonstrated, the movant has the additional burden of showing that the current award is no longer "appropriate and reasonable." R.C.3105.18(C)(1).
 {¶ 9} After reviewing the record, we are unable to conclude that the trial court abused its discretion when failing to grant Appellant's motion to modify his child and spousal support payments based on the lack of credible evidence before it. At the hearing on the motion, Appellant presented testimony concerning his yearly income and business expenses. Appellant also submitted documents which he claimed were past tax returns and spreadsheets summarizing his claimed business income and expenses. However, the court found that Appellant's testimony and evidence presented were lacking in credibility and noted:
"The spreadsheet reveals how inconsistent [Appellant's] claims are. Though [Appellant] testified he kept logs to support his claimed expenses, he did not produce them at [the initial divorce] trial. He contradicted his claim to keep logs by telling the [c]ourt he determined his telephone expense by dividing the bills in half and claimed one-half for business purposes.
"Though [Appellant] claims his gross income has suffered with the loss of the Home Depot account in February of 2001, his purported gross income for 2001 was substantially higher than his 2000 income and comparable to his gross income for 1999.
"Further, though [Appellant] claims the kind of work he does has remained the same, his claimed business expenses have changed dramatically from year to year. [Appellant] neither explained these discrepancies nor provided any supporting data for his claims. [Appellant's] credibility is further damaged by his production of a 1999 tax return signed in May 2000 when at his October 2000 divorce trial he denied filing a tax return for 1999. Finally, though he continues to operate the same business, [Appellant] now claims to work exclusively in eastern Pennsylvania, but told the [c]ourt he continues to file Ohio tax returns."
 {¶ 10} As the weight to be given evidence and the credibility of witnesses is primarily for the trier of fact to determine, we therefore conclude that it was within the trial court's discretion to believe or disbelieve Appellant's testimony and submitted evidentiary materials. See Lumpkin v. Lumpkin, 9th Dist. No. 21305, 2003-Ohio-2841, at ¶ 20, citing Bechtol v.Bechtol (1990), 49 Ohio St.3d 21, 23. See, also, Eckstein v.Eckstein, 9th Dist. No. 03CA0048-M, 2004-Ohio-724, at ¶ 11. Thus, this Court cannot find that the trial court abused its discretion in denying Appellant's motion to modify his child and spousal support obligations. Appellant's assignments of error are overruled.
 {¶ 11} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J., and Whitmore, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., Concur.