DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Robert A. Schaaf ("Robert") has appealed from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which modified the amount but not the duration of his spousal support obligation. This Court affirms.
 I {¶ 2} The instant matter presents a long and convoluted procedural history. As such, we will only discuss the procedural aspects relevant to the instant appeal.
 {¶ 3} Robert and Plaintiff-Appellee Elizabeth A. Schaaf ("Elizabeth") were married on June 20, 1970 and three children resulted from the marriage. On April 7, 1995, Elizabeth filed for divorce in the Medina County Court of Common Pleas, Domestic Relations Division. A hearing was held regarding the matter on September 25, 1996. The trial court entered its final judgment order granting the parties a divorce on November 18, 1996 (the "divorce decree"). The court's order specifically found that: Robert's annual income was $72,000, not including bonuses. Elizabeth's income was $10,192 and she was the primary caregiver for the children. Robert earned in excess of $100,000 in 1995 and would most likely do the same in 1996. Robert was a college graduate, and had been successful in sales and marketing for the communication industry. Elizabeth had worked prior to the marriage and while Robert was in college, but had not worked since 1979. Elizabeth did not complete college, and had limited employable skills.
 {¶ 4} The trial court made the following conclusions of law relevant to this appeal. Robert and Elizabeth were granted the divorce and Elizabeth was designated as the residential parent and legal custodian of the three children. Robert was ordered to pay Elizabeth $1,200 per month in spousal support to be increased by $200 per month upon emancipation of each child, until the last child emancipated at which time the child support obligation would terminate. At that time, the spousal support award was to decrease back down to $1,200 per month for life, or until Elizabeth's remarriage or cohabitation. The trial court specifically reserved continuing jurisdiction over the spousal support.
 {¶ 5} On December 17, 1997, Robert appealed the divorce decree. This Court issued its decision on December 24, 1997, and relevant to this appeal, affirmed the divorce decree with regard to the amount and duration of the spousal support.
 {¶ 6} On May 19, 2004, Robert filed a motion to modify spousal support, alleging that a substantial change of circumstances had occurred since the date of the divorce decree.[1] A hearing on the motion was conducted on September 2, 2004. On October 12, 2004, the magistrate issued her decision, in which she found a change in circumstances and reduced Robert's monthly spousal support to $800 per month until the first of: either party's death, Elizabeth's marriage or cohabitation, or January 30, 2014. Robert subsequently filed objections to the magistrate's decision on October 26, 2004 and filed supplemental objections on January 31, 2005. A hearing was conducted concerning Robert's objections on February 11, 2005. On May 31, 2005, the trial court filed a judgment order in which it reversed the magistrate's decision with regard to the spousal support termination date of January 30, 2014, but affirmed the propriety of the modified award of $800.
 {¶ 7} Robert has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN RULING THAT IT LACKED AUTHORITY TO MODIFY THE TERM, OR DURATION, OF THE INDEFINITE LIFETIME SPOUSAL SUPPORT AWARD, WHICH HAD PREVIOUSLY BEEN AFFIRMED BY THE COURT OF APPEALS ON DIRECT APPEAL, WHERE THE TRIAL COURT HAD EXPRESSLY RESERVED JURISDICTION TO MODIFY THE AMOUNT OR TERMS OF THE SPOUSAL SUPPORT ORDER UPON A CHANGE OF CIRCUMSTANCES OF A PARTY."
 {¶ 8} In his first assignment of error, Robert has argued that the trial court erred when it reversed the magistrate's finding that Robert's spousal support obligation should terminate on January 30, 2014. Specifically, Robert has argued that the court incorrectly found that it was precluded from modifying a spousal support award which this Court had previously affirmed. Robert has further argued that the trial court had reserved jurisdiction to modify the award in the event of a change of circumstances.
 {¶ 9} This Court reviews a trial court's decision modifying spousal support under an abuse of discretion standard. Barrowsv. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878, at ¶ 4. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal. Barrows at ¶ 4. Finally, "when applying the [abuse of discretion] standard, an appellate court is not free to substitute its judgment for that of the trial judge." Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 10} It is well established that a trial court may modify the amount or terms of a spousal support award. Eckstein v.Eckstein, 9th Dist. No. 03CA0048M-, 2004-Ohio-724, at ¶ 21. "R.C. 3105.18(E) provides that the trial court may modify the amount or terms of a spousal support order upon a determination that the circumstances of either party have changed, provided that the trial court retained jurisdiction with respect to the spousal support." Id.
 {¶ 11} In the instant matter, the trial court explicitly reserved jurisdiction to modify the amount and terms of the spousal support. In paragraph 24 of the divorce decree, the court stated that Robert's spousal support obligation was "subject to the continuing jurisdiction of this Court[.]" In paragraph 25 of the divorce decree, the court stated that it "may modify the amount or terms of this spousal support order upon the change of circumstances of a party" pursuant to R.C. 3105.18(E). We think it is clear that the trial court reserved jurisdiction.
 {¶ 12} We also find that a change in circumstances occurred. "[A] change in circumstances includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." Malizia v.Malizia, 9th Dist. No. 22565, 2005-Ohio-5186, at ¶ 11, citing R.C. 3105.18(F). Further, this Court has held that "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses" constitutes a change in circumstances. (Quotation omitted). Kingsolver v. Kingsolver,
9th Dist. No. 21773, 2004-Ohio-3844, at ¶ 24.
 {¶ 13} In the present case, Robert's salary has involuntarily decreased from $72,000 at the time of the divorce to $66,500. Additionally, prior to him losing his employment in January 2003, Robert's average gross income (including bonuses) was $107,199. In 2003, Robert's combined income, including unemployment, pro-rated salary from his new employer, and accumulated vacation and sick time from his previous employer, was $87,090.31. The record indicates that Robert currently makes $66,500 per year in salary and has not earned any bonuses.
 {¶ 14} With regard to Elizabeth, at the time of divorce, the court imputed to her an income of $10,192 solely for child support calculation purposes. Currently, the record indicates that Elizabeth has increased her income to $24,481.60. According to her 2003 W2 form, Elizabeth's 2003 income was $22,415.
 {¶ 15} It is clear to this Court that the trial court reserved jurisdiction to modify the amount and term of the spousal support upon a change in circumstances and it is equally clear that a change in circumstances did occur. Accordingly, the trial court had the authority to modify the spousal support order regardless of this Court's opinion in Schaaf v. Schaaf (Dec. 24, 1997), 9th Dist. No. 2652-M.
 {¶ 16} This result is logical. The fact that this Court affirmed the amount and term of the original spousal support order does not bar a trial court from reevaluating the order upon a showing of a change in circumstances. The law of the case doctrine provides that the "decision of a reviewing court remains the law of the case in all subsequent proceedings. However, the law of the case doctrine is limited to decisions by the trial court which involve substantially the same facts and issues as were involved in the prior appeal[.]" (Quotations and citations omitted). Schrader v. Schrader (Sept. 29, 1999), 9th Dist. No. 2899-M, at 2.
 {¶ 17} In the present case, because the change in circumstances occurred after the original appeal, the trial court's decision did not involve the same facts and issues as the original appeal. See Id. (finding that the law of the case doctrine did not apply where the increase in income occurred after the original appeal). To preclude a trial court from reevaluating a spousal support award upon a showing of a change in circumstances would entirely contradict R.C. 3105.18(E) and this Court's precedents.
 {¶ 18} Therefore, we find that the trial court did err when it misapplied the law of the case doctrine. However, the fact that the trial court erred in relying on the law of the case doctrine does not justify a reversal by this Court.
 {¶ 19} It is well established in Ohio that "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." State exrel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92. Further, this Court has held that "an appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial." (Citation omitted).Cook Family Invests. v. Billings, 9th Dist. Nos. 05CA008689 
05CA008691, 2006-Ohio-764, at ¶ 19.
 {¶ 20} While the trial court mistakenly believed it was precluded from modifying the spousal support award by the law of the case doctrine, that belief was not the sole reason for reversing the magistrate's decision regarding the duration of the spousal support. It is well recognized that Ohio courts have validated open ended or lifetime spousal support awards in cases "involving a marriage of long duration, parties of advanced age, or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home." Schieve v. Schieve,
9th Dist. No. 05CA0037-M, 2005-Ohio-5190, at ¶ 14, citing Kunklev. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus. In Bowen v. Bowen (Feb. 9, 1999),132 Ohio App.3d 616, this Court held that a marriage of twenty years constituted a marriage of long duration and the trial court did not abuse its discretion in granting an indefinite award. Id. at 627.
 {¶ 21} In the present case, the trial court considered the above principles and precedents in addition to its conclusion that law of the case doctrine was controlling. The court concluded that Robert and Elizabeth's 26 year marriage was of long duration, that Elizabeth was fifty five years old and that Elizabeth had limited earning potential because of she had devoted most of her time during the marriage to caring for the family. These facts are sufficient by themselves to warrant an indefinite spousal support award under our precedents. In addition, the trial court also took into consideration the factors enumerated in R.C. 3105.18(C) and (F), all of which were appropriate to consider when examining the duration of spousal support.
 {¶ 22} Accordingly, this Court cannot conclude that the trial court abused its discretion when it reversed the magistrate's decision to impose a termination date and reinstated the indefinite award.[2]
 {¶ 23} Robert's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO EITHER TERMINATE THE INDEFINITE LIFETIME SPOUSAL SUPPORT AWARD, OR TO DRASTICALLY REDUCE BOTH THE DURATION AND AMOUNT OF APPELLANT EX-HUSBAND'S MONTHLY SPOUSAL SUPPORT OBLIGATION, WHERE IT CORRECTLY FOUND THAT A SUBSTANTIAL CHANGE IN CIRCUMSTANCES HAD OCCURRED SINCE THE PARTIES' DIVORCE."
 {¶ 24} In his second assignment of error, Robert has argued that the trial court erred when it failed to terminate or "drastically reduce" his spousal support obligation in response to his change in circumstances. Robert has specifically argued that the court abused its discretion when it modified his spousal support obligation to $800 per month instead of terminating or significantly reducing both amount and duration of the spousal support. Robert has further argued that the trial court erred when it deemed the magistrate's miscalculation of Elizabeth's monthly expenses as harmless and when it found that Robert's financial mismanagement was supported by the evidence.
 {¶ 25} As discussed above, this Court reviews a trial court's decision regarding the modification of spousal support under an abuse of discretion standard. Barrows at ¶ 4. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. It is well established that before a trial court may modify the amount or terms of spousal support, it must conduct a two-step analysis. Leighnerv. Leighner (1986), 33 Ohio App.3d 214, 215. First, the court must determine whether the original divorce decree specifically authorized the trial court to modify the spousal support, and if so, whether either party's circumstances have changed.Kingsolver at ¶ 11, citing Leighner, 33 Ohio App.3d at 215; See R.C. 3105.18(E). Second, the trial court must evaluate the appropriateness and reasonableness of the award. Barrows at ¶ 7, citing R.C. 3105.18(C)(1).
 {¶ 26} As discussed in Robert's first assignment of error, we find that the trial court maintained jurisdiction to modify the spousal support and that a change in circumstances occurred. Therefore, the first step of our analysis is satisfied. Accordingly, we will address whether the modification at issue was appropriate and reasonable.
 {¶ 27} When determining whether spousal support is reasonable, a trial court must consider the factors enumerated in R.C. 3105.18(C)(1). See Kingsolver at ¶ 12. It is apparent from the record, that the magistrate and the trial court considered the factors. Pertinent to this appeal are the following:
"(a) The income of the parties * * *
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
* * *
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties * * *
* * *
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).
 {¶ 28} The record indicates the following regarding the above factors: Robert has a current income of $66,500 not including potential bonuses. Elizabeth's income is approximately $24,000. While Robert is an experienced, successful, college educated business man, Elizabeth was a stay at home wife and mother with no appreciable skills who has secured a job as a patient service representative at the Cleveland Clinic earning $11.77 per hour. Robert has significantly more earning potential than Elizabeth. Elizabeth is 55 years old and suffers from a form of lupus. She has been diagnosed with Grave's disease and participated in radiation therapy. Robert is by all accounts in good health.
 {¶ 29} The record indicates that while Robert's retirement accounts have decreased in value, they are still valued at approximately $242,000. Additionally, Robert had maintained a 401k plan through his new employer valued at $15,466.66. Conversely, Elizabeth pays $96.52 per payday into her 401k which is valued at $13,431. As noted above, the marriage lasted 26 years and is considered to be of long duration. Additionally, the record reflects that Robert earns $66,500 per year and has monthly expenditures of $2,000. Elizabeth earns approximately $24,000 and has monthly expenses of $2,275.
 {¶ 30} Robert has argued that the trial court erred when it held that if the magistrate's finding that Elizabeth's expenses equaled approximately $2,100 was error, it was harmless. Robert has based this argument upon Elizabeth's answers to interrogatories and hearing testimony, that her actual expenses were $1,159. Effectively, Robert has argued that taking into consideration the magistrate's miscalculation, Elizabeth retains an additional $1,000 per month. In light of those extra funds, it is Robert's implied contention that Elizabeth no longer needs spousal support.
 {¶ 31} However, need is not the basis for a spousal support award. Bowen, 132 Ohio App.3d at 626. As such, "spousal support can be reasonable even if it exceeds the payee's need." (Quotation omitted). Lewis v. Lewis, 7th Dist. No. 04 JE 8,2005-Ohio-1444, at ¶ 30. Because Elizabeth's monthly expenditures are not dispositive of the issue, we cannot say, based upon the evidence in the record, that the trial court abused its discretion when it found that the magistrate's error, if any, was harmless.
 {¶ 32} Robert has also argued that the trial court erred when it found that Robert's financial mismanagement was supported by the evidence. We disagree. Robert is likely correct in his assertion that his devalued retirement investments were largely due to market forces as opposed to financial mismanagement. However there is evidence in the record to substantiate that Robert has poorly managed his earnings and general finances since the divorce. Most glaring were the substantial arrearages in his child support payments and the continued arrearages in spousal support. As of July 31, 2004, records indicate that Robert owed $9,025.10 in spousal support arrearages and had only paid off his child support arrearages since his youngest child's emancipation in 2002.
 {¶ 33} Additionally, there is the fact that Robert earned on average over $100,000 per year from 1997-2003, yet has absolutely nothing to show for it. He has no assets to speak of and has a poor credit rating. While this Court recognizes that Robert was out of work for six months, this relatively short period of unemployment does not explain his alleged poor financial condition. The record has established that since the divorce, Robert has earned approximately five times more income per year than Elizabeth and yet, has done less with more.
 {¶ 34} Given the fact that Robert currently earns $66,500 per year irrespective of bonuses, and has monthly expenses of $2,000, this Court is hard pressed to see how, outside of his poor credit and indebtedness due largely to his own failure to pay support payments, Robert is in such dire financial straits to warrant termination of his support obligation. Despite Robert's protestations, the decision of the trial court to reduce the monthly spousal support obligation does in fact reflect the change in his circumstances.
 {¶ 35} While Robert's income and assets have decreased, they have not decreased to a level that would warrant termination or "drastic reduction" of spousal support. There exists still an incredible disparity between the two parties' earning potential and the amount of money each respective household is taking in. We find that cutting Robert's spousal support obligation nearly in half adequately reflects Robert's decreased financial position and Elizabeth's increased financial position, and therefore, the modification was reasonable and appropriate.
 {¶ 36} Accordingly, this Court finds that the trial court did not abuse its discretion when it modified Robert's spousal support obligation downward to $800 per month instead of terminating it entirely or drastically reducing both the amount and duration.
 {¶ 37} Robert's second assignment of error lacks merit.
 III {¶ 38} Based on the foregoing, Robert's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Boyle, J. concur.
[1] On June 2, 2002, Elizabeth and Robert's youngest child was emancipated. Accordingly, Robert's spousal support award returned to $1,200 pursuant to the divorce decree.
[2] The trial court retained the termination clauses regarding Elizabeth's remarriage, cohabitation or death.