[Cite as *Sterns v. Sterns*, 2015-Ohio-3866.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| NICOLE STERNS | | C.A. No. 27427 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY STERNS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 2011-07-1955 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2015

CARR, Judge.

{¶1} Appellant Nicole Sterns appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands.

I.

{¶2} Nicole Sterns ("Wife") and Anthony Sterns ("Husband") were divorced on September 25, 2012. Two children were born of the marriage. The parties executed both a separation agreement and an agreed shared parenting plan which were incorporated and attached to the divorce decree. Pursuant to the separation agreement, Husband agreed to pay Wife spousal support in the amount of $900.00 per month for a period of 72 months. The parties further agreed that spousal support could be modified "based upon an unanticipated change of financial circumstances of the parties." Pursuant to the parties' shared parenting plan, Husband would pay Wife $799.67 per month for child support for the two children, subject to "modification depending on the parties' circumstances."

{¶3}     Just over a year later, Husband filed a post-decree motion to modify "his support obligation due to a change of financial circumstances" without any memorandum in support. The matter was scheduled for an oral hearing on January 28, 2014, but was rescheduled upon Wife's misunderstanding that the parties were merely scheduled to appear for a pretrial that day. The magistrate held a hearing on Husband's motion three days later and subsequently issued a decision reducing both Husband's spousal support obligation to $250.00 per month and his child support obligation to $535.42 per month. Wife filed timely objections and supplemented her objections after filing transcripts of the January 28 and 31, 2014 hearings. Husband responded in opposition to Wife's objections. The domestic relations court overruled Wife's objections and ordered that Husband's spousal support and child support obligations be reduced to $250.00 per month and $546.13 per month, respectively. Wife timely appealed and raises two assignments of error for review. This Court consolidates the assignments of error, as they implicate the identical issues.

II.

**ASSIGNMENT OF ERROR I**

THERE WAS INSUFFICIENT COMPETENT CREDIBLE EVIDENCE SUBMITTED BY [HUSBAND] IN VERIFYING HIS INCOME TO JUSTIFY A REDUCTION OF HIS CHILD SUPPORT AT THE HEARING BEFORE THE MAGISTRATE. THE TRIAL COURT THEREFORE ABUSED ITS DISCRETION WHEN IT OVERRULED [WIFE'S] OBJECTIONS TO THE REDUCTION.

**ASSIGNMENT OF ERROR II**

WITH THE TRIAL COURT RETAINING JURISDICTION TO MODIFY THE SPOUSAL SUPPORT OBLIGATION OF [HUSBAND], THERE WAS NO COMPETENT CREDIBLE EVIDENCE SUBMITTED BY [HUSBAND] TO MEET HIS BURDEN TO SHOW A SUBSTANTIAL CHANGE OF CIRCUMSTANCES NOT OTHERWISE PREVIOUSLY CONTEMPLATED BY THE PARTIES WHEN THE SPOUSAL SUPPORT WAS ORIGINALLY ESTABLISHED. THE TRIAL COURT ABUSED ITS DISCRETION BY

FINDING THAT A CHANGE OF CIRCUMSTANCES OCCURRED WITHOUT A CLEAR DISCUSSION OF THE R.C. 3105.18(C) FACTORS THAT WOULD PROVIDE THE APPROPRIATE REASONS FOR REDUCING IT.

{¶4} Wife argues that Husband failed to present evidence warranting the domestic relations court's reduction of both Husband's child support and spousal support obligations. Moreover, while Wife raises multiple issues in support of her assignments of error, subsumed within both assignments is her argument that the trial court improperly shifted the burden of proof to her relative to Husband's motion to modify support. This Court agrees.

{¶5} At the hearing on Husband's motion, Husband's attorney did not present the testimony of any witnesses, including Husband. Instead, Husband's attorney recited a lengthy narrative of the purported basis for reducing Husband's support obligations. Such statements could not properly be considered as evidence in support of Husband's motion. *See State v. Thomas*, 9th Dist. Summit No. 22340, 2005-Ohio-4265, ¶ 26 (arguments of counsel do not constitute evidence); *State v. Overholt*, 9th Dist. Medina No. 2905-M, 1999 WL 635717, *8 (Aug. 18, 1999) ("opening statements of counsel are not evidence."). In addition, although Husband's attorney made reference to various exhibits by letter designation, it was often not clear from the attorney's statements what the exhibits purported to prove. And while Husband's attorney referred to many lettered exhibits, the magistrate indicated it would admit "two" of the exhibits, although the specific two exhibits are not identified. This matter is murkier still as the record contains no exhibits for this Court's review.[1]

---

[1] This Court followed the established protocol developed by the Summit County Clerk of Courts' office for requesting requisition of exhibits and was informed that no exhibits had been filed in the underlying case before the Domestic Relations Court.

**{¶6}** After failing to present any testimony or other evidence in support of Husband's motion, his attorney then attempted to shift the burden to Wife to prove that Husband's support obligation should not be modified. Specifically, Husband's attorney asked the court, "Where is her documentation? Where [are] her exhibits with regard to her income? Where [are] her tax returns? Where [are] her income statements?" Subsequently, the magistrate questioned Wife as to any reason why she could not obtain employment. Wife reminded the magistrate that Husband had made the motion to modify support and that she believed that the procedures and management of the matter during the hearing were improperly "spinning [] the situation onto me * * *."

**{¶7}** Husband filed the motion to modify his child and spousal support obligations, and Wife correctly argues on appeal that Husband maintained the burden of proof in pursuit of a modification. "The party seeking the modification or termination bears the burden of proving that modification or termination is warranted." *Eckstein v. Eckstein*, 9th Dist. Medina No. 03CA0048-M, 2004-Ohio-724, ¶ 22 (addressing a spousal support modification). Moreover, even after proving the threshold issue of the requisite change of circumstances, "the moving party still has the burden of showing that the current award is no longer 'appropriate and reasonable.'" *Id.*, citing R.C. 3105.18(C); *see also Mottice v. Mottice*, 118 Ohio App.3d 731, 734 (9th Dist.1997) ("Moreover, the moving party bears the burden in establishing that the change was not contemplated at the time of the divorce, or whenever the current support payment was determined."). The burden of proof lies with the party who moves to modify a child support order, as well. *Maguire v. Maguire*, 9th Dist. Summit No. 23581, 2007-Ohio-4531, ¶ 14 ("As the party moving for the child support modification, Husband had the burden of proof

to establish how the relevant factors would support a modification of his child support obligation.").

{¶8} In this case, notwithstanding that Husband moved to modify his support obligations, the domestic relations court and Husband's attorney consistently attempted to shift the burden of proof to Wife. On the date initially scheduled for hearing on Husband's motion, Husband's attorney gave Wife copies of exhibits he planned to use at the hearing. When Wife asserted that Husband had failed to give her a copy of his 2012 tax return as ordered in the divorce decree, Husband's attorney replied, "I'm not here to make your case." After agreeing to continue the hearing based on Wife's misunderstanding that the parties were merely appearing for a pretrial, the magistrate directed Wife to be prepared to "provid[e] evidence of [her] income * * * [a]nd I guess anything else you want the Court to consider."

{¶9} After the magistrate issued her decision reducing Husband's support obligation by approximately 75%, Wife objected, again noting that Husband as the moving party maintained the burden of proof. In overruling Wife's objections, the domestic relations court reiterated that Husband had filed the motion to modify support and that the magistrate had instructed Wife to "bring the necessary information" and "provide evidence of her income and anything else [she] would want the Court to consider to the next hearing." The domestic relations court recognized that Husband did not testify at the hearing but, rather, that he "through statements of counsel, represented to the Court that he had suffered an unanticipated decrease in income." Despite the lack of any evidentiary value of the mere argument of Husband's attorney, presented over the repeated objections of Wife, the domestic relations court emphasized that Wife "did not provide the Court with any financial documentation and failed to provide the Court or [Husband] with a

copy of her most recent tax return, as previously instructed by the Court." The trial court continued:

> Indeed, the Court continued the hearing to allow [Wife] additional time to prepare for the hearing. [Wife] had ample opportunity to determine what documents she wished to offer as evidence. Instead, [Wife] chose to attend the hearing without any financial documents despite being previously ordered by the Court to bring those documents to the hearing.

{¶10} In support of its judgment overruling Wife's objections and ordering a significant reduction in Husband's support obligations, the domestic relations court wrote: "[Wife] failed to introduce any evidence that would support maintaining child and spousal support at its current amount."

{¶11} The record clearly demonstrates that Husband failed to present any admissible evidence in support of his motion. He did not testify in his case-in-chief. Nor did he present the testimony of any other witnesses. While Husband's attorney presented a soliloquy to the court, his statements were merely unsworn argument and contained no evidentiary value. In addition, although Husband testified briefly on cross-examination in response to Wife's questioning, Wife's line of questioning did not address any issues relevant to determining whether a substantial change in circumstances had occurred that the parties had not previously contemplated. Finally, while multiple exhibits were referenced by Husband's attorney, and the magistrate indicated that she was admitting some of them, the admitted exhibits are neither delineated nor contained in the appellate record.

{¶12} Moreover, based on a review of the record, it is apparent that, although Husband filed the motion to modify his support obligation, both Husband's attorney and the domestic relations court operated from the perspective that Wife assumed the burden of proof. Wife repeatedly objected at the hearing and in her written objections to the magistrate's decision

regarding the impropriety of shifting the burden to her, noting that the moving party maintained the burden of proof. Nevertheless, the domestic relations court erroneously shifted the burden of proof onto Wife, requiring her as the nonmoving party to prove that the prior support order should be maintained, rather than requiring Husband as the moving party to demonstrate the legal basis for modifying the prior order.

{¶13} The fact that the record is bereft of evidence relating to an unanticipated change in circumstances, coupled with the trial court's shifting of the burden of proof to Wife to defeat Husband's motion, warrants reversal of the domestic relations court's order reducing Husband's child and spousal support obligations. Wife's assignments of error are sustained.

III.

{¶14} Wife's two assignments of error are sustained. The judgment of Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

HANK F. MEYER, Attorney at Law, for Appellant.

JOSHUA A. LEMERMAN, Attorney at Law, for Appellee.